**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FARREN ST. GEORGE, | No. 11-36068 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-03076-LRS |
| v. | |
| PEXCO, LLC, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted October 12, 2012[**]
Seattle, Washington

Before:  TASHIMA, M. SMITH, and CHRISTEN, Circuit Judges.

Farren St. George appeals the district court's order granting summary

judgment in favor of his employer, Pexco, LLC, in his employment retaliation

claim.  We have jurisdiction under 28 U.S.C. § 1291.  We review *de novo* the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's grant of summary judgment. *See Manatt v. Bank of America,* 339 F.3d 792, 796 (9th Cir. 2003). We affirm.

St. George alleged Pexco laid him off in retaliation for a complaint, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Washington Law Against Discrimination (WLAD), Wash. Rev. Code 49.60.210. To establish a prima facie case of retaliation under Title VII or WLAD,[1] St. George must show that "1) he engaged in a protected activity; 2) he suffered an adverse employment decision; and 3) there was a causal link between the protected activity and the adverse employment decision." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002).

The district court did not err in granting summary judgment because, assuming St. George's WLAD claim is not preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, he did not show a causal link between the protected activity and his layoff. To demonstrate causation, St. George claims that the plant manager stopped talking to him shortly after he complained and that there was only a two-month period between the complaint and the layoff. But St. George admitted that the supervisors who knew about his

---

[1]     Washington state looks to federal law when analyzing retaliation claims. *See Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1065 (9th Cir. 2003).

complaint took no part in the layoff decision.  And he failed to provide sufficient evidence that the persons who made the layoff decision knew about his complaint. *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982) ("Essential to a causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity.").  His assertion that the plant manager avoided him following the complaint falls short of creating a triable issue of fact.  *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008) ("Conclusory statements without factual support are insufficient to defeat a motion for summary judgment.").

**AFFIRMED.**